

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JP:MW

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 10, 2014

<u>By Hand and ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: The Matter of the Extradition of Michal Karas
      <u>Docket No. 14-181</u>

Dear Judge Reyes:

  The government respectfully moves for reconsideration of this Court's decision to grant bail to the defendant in the above-referenced extradition case.  This Court granted bail on March 7, 2014, citing "special circumstances" because of the "length of time in which it took the Polish authorities to issue the warrant notice and make the extradition request."  (Hearing Transcript, attached hereto as Exhibit A, hereinafter "Tr." at 18.)  A further review of the extradition documents has revealed that there is a scrivener's error in the translated version of the wanted notice.  Specifically, the translated version of the wanted notice is dated August 26, 2008.  However, a review of the original Polish document shows that the correct date is August 26, 2003.  Thus, the notice was issued by the court only four days after the initial request.

 I. <u>Background</u>

  The defendant is a Polish citizen and is wanted in Poland in connection with numerous narcotics charges; specifically for sales of amphetamines and marijuana to minors, in exchange for which the defendant received money and stolen property.  He was arrested

on March 5, 2014 and he made an initial appearance before the Court the same day. The defense requested a bail hearing, and one was scheduled for Friday, March 7, 2014. On March 6, 2014, the government submitted a letter opposing bail and outlining the governing law for bail applications in extradition matters. (Docket No. 6.)

Shortly before the March 7, 2014 bail hearing began, the government was given a copy of the defendant's motion to dismiss the complaint pending against the defendant. (Docket No. 7.) The defense argued that extradition is not appropriate where the offense for which extradition is sought is barred by lapse of time according to the law of the Requesting State and that the extradition documents failed to establish probable cause sufficient to extradite the defendant. The defense requested that the defendant be immediately released, or in the alternative, that an extradition hearing take place to determine the sufficiency of the complaint.

At the March 7 hearing, this Court heard argument on the bail application. The government argued that the defense's "lapse of time" and probable cause arguments were not relevant to a bail determination and were instead appropriate for an extradition hearing, (Tr. at 2; see generally, Docket No. 6), which both parties agree should be scheduled.[1] Further, the government maintained that the defendant was a flight risk and that there were no special circumstances justifying his release. (Tr. at 12-13; 15-16.) The government also noted that allowance of bail in any amount would not guarantee the fugitive's presence in court and would undermine the obligation of the United States to comply with its treaty obligations.[2]

---

[1] A probable cause determination is not relevant to a bail determination in an extradition proceeding. Rather, that determination is to be made in connection with an extradition hearing. However, the government notes that the standard of proof to find the evidence "sufficient to sustain the charge . . ." pursuant to Section 3184 is the familiar domestic requirement of probable cause. The court must conclude there is probable cause to believe that the crime charged by Poland was committed and the person before the court committed it. Hoxha v. Levi, 465 F.3d 554, 561 (3d Cir. 2006); Sindona v. Grant, 619 F.2d 167 (2d Cir. 1980). The evidence is sufficient and probable cause is established if a person of ordinary prudence and caution can conscientiously entertain a reasonable belief in the probable guilt of the accused. Gerstein v. Pugh, 420 U.S. 103, 111 (1975). See also Collins v. Loisel, 259 U.S. 309, 316 (1922) ("The function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction.") Here, the extradition packet demonstrates that at least five people provided testimony about buying drugs from Karas with either cash or stolen property. This is more than sufficient evidence to establish probable cause in this matter.

[2] The ability of the United States to deliver fugitives pursuant to extradition requests has significant international law implications. The international legal system depends wholly upon the respect of its members for the obligations into which they freely enter. When, as here, a foreign government meets the conditions of the treaty, the United States is obliged to deliver the fugitive. It is important that the United States be regarded in the international

(Tr. at 13; 16.) While forfeiture of bail in domestic criminal cases is designed ensure the defendant's domestic court appearances, forfeiture of bail in international extradition cases due to the failure of the fugitive to appear would leave the requesting country, here Poland, without either remedy or compensation.

The defendant argued that the complaint should be dismissed, immediately, for the reasons stated in the March 7, 2014 letter to the Court.[3] The Court declined to dismiss the complaint but found that the "lapse of time" between the charged conduct and the current extradition proceedings constituted "special circumstances." The Court further determined that the defendant was not a flight risk and granted bail. (Tr. at 17.) Per the Court's order, the defendant is set to be released today at 4:30 p.m.

II.  The Defendant's Bail Application Should Be Denied

   a. Legal Standard

Motions for reconsideration in criminal cases are traditionally governed by Local Civil Rule 6.3. See United States v. Yannotti, 457 F. Supp. 2d 385, 388-89 (S.D.N.Y. 2006). Under Local Civil Rule 6.3, the movant must set forth the matters that counsel believes have been overlooked. A court should reconsider its prior decision if the movant can point to controlling decisions or factual matters that were overlooked and "that might reasonably be expected to alter the conclusion reached by the court." In re BDC 556 LLP, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted), abrogated on other grounds by In re Zarnel, 619 F.3d 156 (2010).

   b. The Polish Government Timely Issued A "Wanted Notice"

The extradition documents in this case contain a typographical error as to the date the "Wanted Notice" was issued in this case. The translated version of the notice is dated "26.08.2008." (Exhibit B at 1.) However, the original Polish document, which is handwritten, is dated "26.08.2003." (Exhibit C at 1.) This translation error is further confirmed by the Application for commencement of international search (Exhibit D at 2) which notes that a wanted notice was issued by the Provincial Court in Lublin on "26.08.2003." Thus, it is clear that the wanted notice was issued only four days after the request on August 22, 2003 – not over five years later.

---

community as a country that honors its agreements in order to be in a position to demand that other nations meet their reciprocal obligations to the United States. Such reciprocity would be defeated if a fugitive flees after being released on bond. See Wright v. Henkel, 190 U.S. 40, 62 (1903); see also U.S. v. Leitner, 784 F.2d 159, 160-61 (2d Cir. 1986) (the Government has an overriding foreign relations interest in complying with treaty obligations and producing extradited persons).

[3] The government noted for the record that it had not yet had a chance to read the defendant's submission and requested an opportunity to respond to the claims contained therein before the Court ruled on the defendant's motion. (Tr. at 11.)

The fugitive has a heavy burden to meet in proving the exceptional circumstances that would vitiate the strong presumption against bail. The facts in this case do not support a finding of "special circumstances" on the basis of lapse of time under the standards developed by courts following Wright.

While some courts have noted that delay may constitute a special circumstance, like all special circumstances, any delay must be extraordinary to qualify. See Salerno v. United States, 878 F.2d 317, 318 (9th Cir. 1989)(lack of unusual delay considered in rejecting bail claim); United States v. Kin-Hong,83 F.3d 523,524 (1st Cir. 1996) (recognizing delay as possible special circumstance but finding no showing of unusual delay); In re Klein, 46 F.2d 85 (S.D.N.Y. 1930) (delay must be abnormal or unreasonable to constitute a special circumstance). Additionally, courts considering delays in the extradition process have held that extradition defendants are not entitled to a "speedy extradition" and have denied bail in circumstances where there was a delay in extradition proceedings. See Martin v. Warden, Atlanta Pen, 993 F.2d 824, 827 (11th Cir. 1993) (unusually lengthy period of time between the issuance of a warrant and a request for extradition found not to offend due process and, thus, cannot constitute a "special circumstance").

These has been no "lapse of time" or other unusual delay in this case. The counts alleged in the indictment will be time-barred on the following dates:

> Counts I – XII: August 31, 2030
> Counts XIII – XVI: December 31, 2031
> Count XVII: April 30, 2031
> Counts XVIII – XX: August 31, 2026[4]

(Docket No. 6, Ex. A, Application for Extradition at 7.) Because each of these twenty counts remains legally viable, there is no basis to conclude that any "time lapse" constitutes special circumstances.

Further, at the bail hearing, the Court expressed concern about the length of time it took for Poland to begin extradition proceedings and found this passage of time to support the finding of special circumstances. (Tr. at 17.) However, a review of the record demonstrates that Poland acted in a timely fashion to seek the defendant's extradition. The defendant was indicted in Poland on June 18, 2002. (Docket No. 6, Ex. A, Application for Extradition at 4.) Attempts to deliver a summons were not successful. (Id. at 4.) The Polish police determined that the defendant had left the country, and following his failure to appear at his initial court date, the Polish Court "applied a temporary detention, initiated the search by means of the 'wanted' notice and stayed legal proceedings" pending the defendant's apprehension. (Id. at 4.) The request for a wanted notice was issued on August 22, 2003.

---

[4] It appears that the applicable statute of limitations in Poland may bar prosecution of Count XXI. The Polish government identified September 23, 2011 as the last date on which that charge could be brought. However, the government notes that tolling provisions may apply given the defendant's status as a fugitive.

(Docket No. 6, Exhibit A, "Minutes of the First Instance Hearing" dated August 22, 2003.) On October 27, 2009, INTERPOL provided information to Poland that the defendant was living in the United States. (Id. at 5.) Less than one month later, on November 23, 2009, Poland applied for the defendant's extradition pursuant to the governing Treaty. (Id., Application for Extradition at 1.) At that time, the Office of International Affairs ("OIA") began working with Poland to determine the sufficiency of the request for extradition. This process requires OIA to verify the request and ensure that it meets all of the required standards under the applicable treaty. Thus, the record demonstrates that Poland acted promptly in searching for the defendant and requesting his extradition. That it took INTERPOL and the Polish authorities some time to find the defendant, who had relocated to the United States, is not a "special circumstance" meriting the defendant's release on bail. See Martin v. Warden, Atlanta Pen, 993 F.2d 824, 827 (11th Cir. 1993) (denying petition for habeas corpus where defendant was certified for extradition 17 years after the alleged criminal conduct, and noting that the defendant was not entitled to bail); Matter of Extradition of Sidali, 868 F. Supp. 656 (D.N.J. 1994) (finding that fugitive who had been convicted of rape and murder almost 25 years before had failed to show special circumstances justifying release).

In light of the new information regarding the date of the wanted notice and because the defendant has offered no other arguments as to "special circumstances," the bail application should be denied.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

By:   /s/
          Melody Wells
          Assistant U.S. Attorney
          (718) 254-6422

cc: Jan Rostal (by ECF and Email)